**Dismissed and Memorandum Opinion filed June 10, 2021.**



In The

# Fourteenth Court of Appeals

---

NO. 14-21-00183-CR
NO. 14-21-00184-CR

---

**ADAM  MICHAEL  FINKLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause Nos. 12-CR-0352 & 12-CR-0353**

---

## MEMORANDUM  OPINION

After the trial court found appellant qualified for deferred adjudication community supervision on charges of possession of less than 28 ounces of a controlled substance, hydrocodone, in a drug-free zone (trial court case number 12-CR-0352; appellate case number_14-21-00183-CR) and possession of four ounces or less but more that two ounces of marijuana in a drug-free zone (trial court case number 12-CR-0353; appellate case number 14-21-00184-CR), the trial

court deferred further proceedings and placed appellant on deferred adjudication community supervision. The State in each case moved to adjudicate appellant's guilt based on violations of conditions of community supervision. The trial court in each case granted the motion, set aside the deferred adjudication, found appellant guilty, and assessed punishment at two years' confinement in state jail, to run concurrently. The sentences were imposed in open court on June 15, 2020. No timely motions for new trial were filed. Therefore, appellant's notices of appeal were due within 30 days after the day sentences was imposed, which was July 15, 2020. *See* Tex. R. App. P. 26.2(a)(1).

A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court, and (b) a motion to extend time in the court of appeals. *See* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2) (governing motion to extend time to file notice of appeal). The fifteenth day after July 15, 2020, was July 30, 2020. Appellant filed his notices of appeal on February 27, 2021, a date that is not within 15 days of the due date.

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26.2 is essential to vest the court of appeals with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (construing former 1986 Texas Rule of Appellate Procedure 41(b)(1)). When a notice of appeal is not filed within the 15-day motion-to-extend-time period, the court of appeals can take no action other than to dismiss the appeal for want of jurisdiction. *See id.* (construing former 1986 Texas Rule of Appellate Procedure 41(b)(2)).

On April 20, 2021, the parties were notified that the appeals would be dismissed for want of jurisdiction unless a party demonstrated that the court has jurisdiction. No response has been received.

Accordingly, the appeals are dismissed for want of jurisdiction.


PER CURIAM

Panel consists of Justices Wise, Jewell, and Spain.

Do Not Publish — Tex. R. App. P. 47.2(b).